**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DONNY P. BLANCHARD, #320400,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>TIM RILEY, WARDEN,<br><br>　　　　　　　　Respondent. | CIVIL ACTION NO. 9:12-1204-CMC-BM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on May 1, 2012.[1]

The Respondent filed a return and motion for summary judgment on October 1, 2012. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 2, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed his response in opposition on November 5, 2012.

This matter is now before the Court for disposition.[2]

---

[1]The Petition was sent by certified mail and received by the Clerk's office on May 8, 2012. The envelope does not show a date that it was delivered to the prison mail room; therefore, giving the Petitioner the benefit of the doubt, the undersigned has used the date Petitioner signed the petition, May 1, 2012, as the filing date. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is nntered for review by the Court.



1

**Procedural History**

Petitioner was indicted in York County in February 2007 for criminal sexual conduct ("CSC") with a minor, second degree [Indictment No. 07-GS-46-00381]. (R.pp. 123-124). Petitioner was represented by B.J. Barrowclough, Esquire. After waiving presentment, Petitioner pled guilty to the lesser charge of Lewd Act on a Minor under 16, following which he was sentenced to fifteen (15) years imprisonment. (R.pp. 2-21). See also, Court Docket No. 31-1.

Petitioner filed a timely appeal and was represented by Eleanor Duffy Cleary, Assistant Appellate Defender. Counsel filed an Anders[3] brief requesting to be relieved as counsel and raising the following issue:

> Whether appellant's guilty plea was void where it was conditioned upon his right to appeal?

(R.p. 25).

Petitioner subsequently furnished the South Carolina Court of Appeals with an affidavit explaining that he was aware of his right to appeal and his right to assistance of counsel, but that he now wished to waive his appeal. See Affidavit of Petitioner dated April 7, 2008 [Court Docket No. 31-5]. The South Carolina Court of Appeals then dismissed Petitioner's direct appeal on May 5, 2008, with the Remittitur being issued that same day. (R.p. 32).

However, while his direct appeal was still pending (but after he had submitted his affidavit), Petitioner filed an application for post-conviction relief ("APCR") in state circuit court.

---

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



2

Blanchard v. State of South Carolina, No. 2008-CP-46-1548. (R.pp. 33-66). Petitioner raised the following issues in his APCR:

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two**: Prosecutorial Misconduct.

**Ground Three**: Constitutional Violations.

See Petition, pp. 34, 40-66.

Petitioner was represented in his APCR by Christine C. Thompson, Esquire, and an evidentiary hearing was held on Petitioner's application on October 29, 2008. (R.pp. 76-115[4]). By order dated November 6, 2008 (filed November 13, 2008), the PCR judge denied Petitioner's requested relief in its entirety. (R.pp. 116-122).

Petitioner filed an appeal of the PCR court's order. Petitioner was represented on appeal by Wanda H. Carter of the South Carolina Commission on Indigent Defense, who filed a Johnson[5] petition raising the following issue:

> Trial counsel erred in allowing petitioner to ple[a]d guilty in the case when there was a reasonable probability that petitioner would have been acquitted had he gone [to] trial because the state's evidence could not have established guilt beyond a reasonable doubt.

See Petition, p. 2. (Court Docket No. 31-6, p. 3).

The South Carolina Court of Appeals granted counsel's petition to be relieved and denied the petition. See Order filed September 23, 2010 (Court Docket No. 31-8). The Remittitur was sent down on October 11, 2010. See Court Docket No. 31-9.

Almost a year later, Petitioner filed a pro se state habeas petition dated September 12,

---

[4]The record filed with the Court is missing pages 74-75.

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).

3



2011, alleging that he was factually innocent because the victim was capable of consenting under the South Carolina Constitution.  See Court Docket Nos. 31-10, 31-11, 31-12, and 31-13.  In an order filed September 27, 2011, the state habeas petition was dismissed by the state circuit court on the grounds that the asserted claim could have been raised in Petitioner's PCR, and that in any event the Petition lacked merit.  See Court Docket No. 31-16.  Petitioner did not file an appeal.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises a due process violation citing to exhibit four of his 2011 state habeas corpus action. See Petition, p. 5 & Attachments.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.  This limitations period is



part of the AEDPA,[6] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

Petitioner's conviction became final on May 21, 2008, fifteen (15) days after the dismissal of his direct appeal on May 5, 2008. See Gonzales v. Thaler, 132 S.Ct. 641, 656 (2012) ["... with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires . . . ."]; see also Rule 221(a), SCACR.[7] However, since Petitioner's APCR was already pending, the

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.

[7]Since Petitioner did not seek review of the decision of the Court of Appeals from the South Carolina Supreme Court, he is not entitled to a tolling of the ninety (90) day period to seek certiorari review from the United States Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir. 2001); Reddock v. Ozmit, No. 09-204, 2010 WL 568870 at **3-5 (D.S.C. Feb. 11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10-987, 2010 WL 5691646 (D.S.C. Sept. 7, 2010), adopted by, 2011 WL 380651 (D.S.C. Feb. 3, 2011); Martino v. Cartledge, No. 09-527, 2010 WL 56093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07-1081, 2008 WL 2922860 (D.S.C. July 24, (continued...)



time limitations period was tolled during the pendency of Petitioner's APCR pursuant to § 2244 (d)(2), until the Remittur was issued on October 11, 2010.  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000).

When Petitioner filed his state habeas petition on September 12, 2011[8], three hundred and thirty-five (335) days of non-tolled time had passed from when his judgment of conviction had become final.  Even assuming that the time period Petitioner's state habeas petition was pending then further tolled the statute[9], Petitioner only had thirty (30) days remaining of the one year limitations period in which to file his federal habeas petition after his state habeas petition was denied on September 29, 2011, and the time for any appeal expired.  However, Petitioner waited and did not file this federal habeas petition until May 1, 2012, well beyond the expiration of his one year limitations period under § 2244(d)(1)(A).  Therefore, Petitioner failed to timely file this federal petition, and he is barred from seeking federal relief.  Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under §

---

[7](...continued)
2008). See also Wise v. South Carolina Dep't of Corrections, 642 S.E.2d 551 (S.C. 2007).

[8]Since Respondents have used the date of September 12, 2011 and the petition presented to the Court does not itself reflect a filing date, the undersigned has also given the Petitioner the benefit of this date, which is the date that he signed his state petition.

[9]The State argues that this petition was not properly filed, and should therefore not serve to toll the federal statute while it was pending.  However, since this federal petition is not timely regardless of whether this time period is including in the tolling period, it is not necessary to reach this issue.



2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.

Finally, to the extent Petitioner may be asserting that he is entitled to some type of equitable tolling based on a misunderstanding about when his time to file started to run, circumstances will rarely warrant equitable tolling. While the United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases; Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330); a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace, 544 U.S. at 418.

Here, Petitioner is not entitled to equitable relief based on any misunderstanding of when the limitations period started to run under the statute; cf. Harris, 209 F.3d at 330-331 (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)([refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the legal process or his lack of representation]); and Petitioner has not otherwise shown that any extraordinary

7



circumstances prevented him from timely filing his petition. Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999); Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."].

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 10, 2013
Charleston, South Carolina



8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

9

